```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
 2                        SOUTHERN DIVISION

 3    UNITED STATES OF AMERICA,

 4              Plaintiff,

 5     v                                   No. 15-cr-20741

 6
      COLIN MATTHEW BOYLE,
 7
                Defendant.
 8    _____/

 9
                                PLEA HEARING
10
            BEFORE THE HONORABLE GERSHWIN A. DRAIN
11                UNITED STATES DISTRICT JUDGE
            Theodore Levin United States Courthouse
12                231 West Lafayette Boulevard
                       Detroit, Michigan
13                  Tuesday, April 4, 2017

14   APPEARANCES:

15
      For the Plaintiff:      MS. MARGARET M. SMITH
16                            US Attorney's Office
                              211 W. Fort Street
17                            Suite 2001
                              Detroit, Michigan  48226
18                            (313) 226-9135

19    For the Defendant:      MS. KIMBERLY M. STOUT
                              Attorney at Law
20                            370 East Maple Road
                              Third Floor
21                            Birmingham, Michigan  48009
                              (248) 258-3181
22
      Reported by:            Merilyn J. Jones, RPR, CSR
23                            Official Federal Court Reporter
                              merilyn_jones@mied.uscourts.gov
24

25
```

TABLE OF CONTENTS

**WITNESSES: PLAINTIFF**                                              **PAGE**
None

**WITNESSES: DEFENDANT**
None

**OTHER MATERIAL IN TRANSCRIPT:**
Plea Hearing                                                          3

**EXHIBITS:**              Identified              Received
None

Case 2:15-cr-20741-GAD-DRG ECF No. 92, PageID.2395 Filed 01/03/18 Page 3 of 20

3

```
 1                   Detroit, Michigan
 2                   Tuesday, April 4, 2017 - 2:36 p.m.
 3                   THE LAW CLERK: All rise.
 4                   The United States District Court for the Eastern
 5      District of Michigan is now in session.  The Honorable Gershwin
 6      A. Drain presiding.
 7                   You may be seated.
 8                   The Court calls the matter of criminal action,
 9      United States of America versus Colin Boyle.  Case Number
10      15-cr-20741.
11                   Counsel, please place your appearances on the
12      record.
13                   MS. SMITH: Good afternoon, your Honor.  Maggie
14      Smith appearing on behalf of the United States.
15                   THE COURT:   Good afternoon.
16                   MS. STOUT: Good afternoon, your Honor.  Kimberly
17      Stout on behalf of Mr. Colin Boyle, who is standing to my left.
18                   THE COURT: All right.  Good afternoon.
19                   All right.  As I understand it, Mr. Boyle wants to
20      enter a plea of guilty on the case; is that correct?
21                   MS. STOUT: That is correct, your Honor.
22                   THE COURT:   All right.
23                   MS. SMITH: Your Honor, I would also add, just
24      procedurally speaking, that the defense does have three pending
25      motions that I believe Ms. Stout is going to seek to orally
```

```
 1   withdraw and follow up with a stipulation and order.
 2              MS. STOUT: That's correct, your Honor.
 3              Apparently, I failed to file the actual -- I had
 4   notified the Court, but failed to file an order.
 5              So I hereby withdraw both the motions to suppress
 6   and the motion for discovery.
 7              Is that correct, Mr. Boyle?
 8              THE DEFENDANT:   Yes.
 9              MS. STOUT: You agree?
10              THE DEFENDANT:   I agree.
11              MS. STOUT: And my client agrees and I will follow
12   up with stip and order.
13              THE COURT:   All right.  Good enough.
14              Then, let's see, Ms. Smith, you want to put the
15   terms of the Rule 11 Agreement on the record.
16              MS. SMITH: Yes, your Honor.  Thank you.
17              Today the defendant will be pleading guilty to
18   Counts Two and Three of the indictment, which both charge
19   violations of production of child pornography in violation of
20   18 United States Code Section 2251(a).
21              Each of these counts carries a mandatory minimum
22   penalty of 15 years and a statutory maximum penalty of 30
23   years.
24              Each of these counts carries a maximum fine of
25   $250,000.
```

1                 There are no sentencing guideline disputes.  The
2    parties have calculated the defendant's guideline range to be
3    life imprisonment.
4                 The parties agree and pursuant to Federal Rule of
5    Criminal Procedure 11(c)(1)(C) that the sentence of
6    imprisonment in this case must be 60 years' imprisonment.
7                 The parties further agree that the government will
8    recommended that the defendant's sentence imposed run
9    concurrently to the sentence imposed in the defendant's case
10   out of Oakland County Circuit Court, which is, 2016-259151-FC
11   and 2016-259199-FC.
12                A term of supervised release will follow the term
13   of imprisonment.  There is no agreement, but under the statute
14   it must be at least five years and up to life.
15                The defendant will pay a special assessment of
16   $5,000 per count.
17                The Court shall order restitution to every
18   identifiable victim of the defendant's offense and there is
19   currently no agreement on restitution.
20                The defendant understands that by pleading guilty
21   in this case he will be required to register as a sex offender
22   under both state and federal law.
23                The government may withdraw from this agreement if
24   the Court finds the correct guideline range to be different
25   than what is determined by this Rule 11 Plea Agreement.

```
 1                 The defendant waives any right he may have to
 2    appeal his conviction.
 3                 And if his sentence does not exceed the maximum
 4    allowed by this agreement, the defendant also waives any right
 5    he may have to appeal his sentence.
 6                 Your Honor, those are the salient terms of the
 7    Rule 11 Plea Agreement.
 8                 THE COURT:   All right.
 9                 MS. STOUT: That's correct, your Honor.
10                 THE COURT:   All right, Ms. Stout, would you and
11    Mr. Boyle approach the podium.
12                 All right.  Mr. Boyle, I'm going to have my law
13    clerk administer an oath to you.
14                 THE LAW CLERK: As best you can, please raise your
15    right hand.  Do you solemnly swear that the testimony you are
16    about to give the Court in this matter here pending shall be
17    the truth, the whole truth, and nothing but the truth, so help
18    you God?
19                 THE DEFENDANT:   Yes, I do.
20                 THE COURT:   All right.
21                 All right, Mr. Boyle, I'm going to ask you quite a
22    few questions, and the questions I ask you I'm sure your
23    attorney, Ms. Stout, has already talked you about, but the law
24    requires that I go over some things here with you in court on
25    the record.
```

```
 1                So, do you understand that you are now under oath
 2   and if you answer any of my questions falsely, your answers may
 3   later be used against you in a separate prosecution for perjury
 4   or false statement; do you understand that?
 5                THE DEFENDANT:  Yes, sir.
 6                THE COURT:  And what's your full name?
 7                THE DEFENDANT:  Colin Matthew Boyle.
 8                THE COURT:  And how old are you?
 9                THE DEFENDANT:  Thirty-one.
10                THE COURT:  And how far did you go in school?
11                THE DEFENDANT:  Eleventh grade.
12                THE COURT:  Okay.  So you can read and write and
13   understand English pretty well?
14                THE DEFENDANT:  That's correct, sir.
15                THE COURT: You understand everything that's been
16   said so far?
17                THE DEFENDANT:  Yes, sir.
18                THE COURT:  Okay.
19                And have you been treated recently for any type of
20   mental illness or addiction to alcohol or narcotics?
21                MS. STOUT: Your Honor, my client does have bipolar
22   disorder and schizophrenia.  He is being treated at Milan in
23   which is where we're hoping he'll get back as soon as possible
24   for continued medication; however, that does not affect his
25   competents or his understanding of what is right and what is
```

```
 1   wrong.
 2              So there -- and I have dealt with him now for
 3   quite some time and that is my opinion.
 4              THE COURT:   Okay.
 5              Do you agree with that, Mr. Boyle?
 6              THE DEFENDANT:   Yes, sir.
 7              THE COURT:   Okay.  And are you currently under
 8   the influence of any drugs, medication, or alcoholic beverage?
 9              MS. STOUT: Other than his psychotropic drugs, your
10   Honor, no.
11              THE COURT:   Okay.
12              MS. STOUT:   Is that correct, Mr. Boyle?
13              THE DEFENDANT:   That's correct.  That's correct.
14              THE COURT:   All right, then, Mr. Boyle, have you
15   had a chance to look at the indictment that was returned
16   against you?
17              THE DEFENDANT:   Yes, sir.
18              THE COURT:   And have you had a chance to talk
19   with your attorney, Ms. Stout, about the charges in the
20   indictment?
21              THE DEFENDANT:   Yes, sir.
22              THE COURT:   And are you satisfied with the advice
23   and counsel you've received from her up to this point?
24              THE DEFENDANT:   Yes, sir.
25              THE COURT:   And have you had a chance to look
```

```
 1    over and read this plea agreement that has been referenced here
 2    by Ms. Smith?
 3              THE DEFENDANT:  Yes, sir, I have.
 4              THE COURT:  And I've got a copy of it here in my
 5    hand, and on Page 13 it purports to bear your signature along
 6    with Ms. Stout's.  Did you sign the form?
 7              THE DEFENDANT:  I signed it.
 8              THE COURT:  Okay.  Do you have any questions about
 9    it at all?
10              THE DEFENDANT:  No, sir.
11              THE COURT: Did you have a chance to read it over?
12              THE DEFENDANT:  Did I read it?
13              THE COURT:  Yes.
14              THE DEFENDANT:  Yes, sir.  I read it.
15              THE COURT:  All right.  And so is everything
16    that's been agreed to covered in this Rule 11 Agreement as far
17    as you're concerned?
18              THE DEFENDANT:  As far as I know, yes, sir.
19              THE COURT:  Okay.  So you understand that the
20    guideline range that's been calculated with regard to this
21    offense goes up to life imprisonment; do you understand that?
22              THE DEFENDANT:  I understand that, sir, yes.
23              THE COURT:  Okay.  And you understand that the
24    minimum possible sentence would be 15 years' imprisonment, you
25    understand that?
```

```
1                THE DEFENDANT:  I do understand, yes.
2                THE COURT:  And also, the conduct that is
3    mentioned in the indictment not only covers the conduct
4    involved in the two counts that you're pleading guilty to but
5    it also involves the other counts that are involved, you
6    understand that?
7                THE DEFENDANT:  Yes, sir.
8                THE COURT:  And so, do you also understand that
9    at the time of sentencing I will impose a sentence of 60 years'
10   imprisonment, you understand that?
11               THE DEFENDANT:  Yes, sir.
12               THE COURT:  And as I understand it, the sentence
13   I impose will run concurrent with the sentence that -- have you
14   actually been sentenced in Oakland County yet?
15               THE DEFENDANT:  Yes, sir, I have.
16               THE COURT:  What was the sentence?
17               THE DEFENDANT:  Twenty-five to seventy-five years.
18               THE COURT: Okay.  So the sentence that I impose
19   will run concurrent with that sentence, you understand that?
20               THE DEFENDANT:  Yes, sir.
21               THE COURT:  All right.  And when you're released
22   from custody, you'll be required to serve at least three
23   years -- at least five years of supervised release; do you
24   understand that?
25               THE DEFENDANT:  Yes, sir, I understand.
```

1      THE COURT: And also there will be a special
2 assessment of $5,000 per count with regard to this agreement;
3 do you understand that?
4      THE DEFENDANT: Yes, sir.
5      THE COURT: Okay. And restitution hasn't been
6 decided yet.
7      And as I understand it, there are some sex
8 offender registration requirements, you understand that?
9      THE DEFENDANT: Yes, sir.
10     THE COURT: And there are some that relate to the
11 state law and some that relate to the federal law, you also
12 understand that?
13     THE DEFENDANT: Yes, sir, I understand.
14     THE COURT: And if the Court accepts the
15 agreement, the government will dismiss the remaining charges in
16 the indictment, aside from the ones that you're pleading guilty
17 to; do you understand that?
18     THE DEFENDANT: Yes, sir.
19     THE COURT: And you're also giving up your right
20 to appeal the case, you understand that?
21     THE DEFENDANT: Yes, sir.
22     THE COURT: Okay. All right. Do you have any
23 questions at all about the Rule 11 Plea Agreement that's been
24 entered into?
25     THE DEFENDANT: No, sir. No questions.

```
 1                THE COURT:   Okay.  All right.  So have any
 2   promises been made to you other than what's in the plea
 3   agreement?
 4                THE DEFENDANT:   No, sir.
 5                THE COURT:   Has anybody threatened you with
 6   regard to entering this plea?
 7                THE DEFENDANT:   No, sir.
 8                THE COURT:   And has anyone forced you or told you
 9   that you must enter this plea?
10                THE DEFENDANT:   No, sir.
11                THE COURT:   And are you doing it freely and
12   voluntarily?
13                THE DEFENDANT:   Yes, sir.
14                THE COURT:   And are you pleading guilty because
15   you are guilty?
16                THE DEFENDANT:   Yes, sir.
17                THE COURT:   And so do you understand that at the
18   time of sentencing I'll not only be looking at the plea
19   agreement, but I'll also be looking at a presentence report
20   about you and there are some other statutory considerations
21   that the Court has to look at, you understand that?
22                THE DEFENDANT:   Yes, sir.
23                THE COURT:   And, then, do you have prior felony
24   convictions?
25                THE DEFENDANT:   Yes, sir.
```

```
1              THE COURT:   Okay.  So you know that there are
2   collateral consequences to having felony convictions.  Like you
3   can't possess a gun; you can't hold certain offices, and vote,
4   you know, some other kind of things like that, you understand
5   that?
6              THE DEFENDANT:   Yes, sir.
7              THE COURT:   So, again, I know that Ms. Stout has
8   talked to you about your trial rights, but I have to review
9   them again with you here in court on the record.
10             So, do you understand that if you wanted to, you
11  could have a trial on the charges in this indictment and that
12  trial could be either by jury or you could have a trial by
13  judge if the government and I agree; do you understand that?
14             THE DEFENDANT:   Yes, sir.
15             THE COURT:   And at the trial you'd have the right
16  to be presumed innocent and the government would have to prove
17  you guilty beyond a reasonable doubt; do you understand that?
18             THE DEFENDANT:   Yes, sir.
19             THE COURT:   And then at the trial Ms. Stout would
20  represent you and the government would have to bring in
21  witnesses to testify against you and she could cross-examine
22  and question the witnesses; do you understand that?
23             THE DEFENDANT:   Yes, sir, I understand.
24             THE COURT:   And then at a trial if you wanted to
25  testify, you could do so, or if you wanted to remain silent,
```

```
 1   you could do that, and your silence couldn't be used against
 2   you in any way; do you understand that?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  And, then, also if you wanted
 5   witnesses to testify for you, I would help you bring in
 6   witnesses with subpoenas; do you understand that?
 7              THE DEFENDANT:  Yes, sir.
 8              THE COURT:  All right.  Mr. Boyle, is it pretty
 9   clear to you that by entering this plea of guilty you will
10   stand convicted of these two counts and there will be no trial
11   on your case; do you understand that?
12              THE DEFENDANT:  Yes, sir.
13              THE COURT:  All right.  So, I'm looking at the
14   indictment and Count Two alleges production of child
15   pornography, aiding and abetting is involved.
16              Count Three also makes the same allegation, and
17   there's aiding and abetting, too.
18              And so, Count Two, for example, says from on or
19   about December the 1st of 2012 through and including on or
20   about November the 9th in the Eastern District of Michigan, and
21   elsewhere, you, having twice been previously convicted under
22   the laws of any state relating to aggravated sexual abuse, or
23   sexual abuse, and your codefendant aided and abetted each other
24   in engaging in explicit, engaging in sexually explicit conduct
25   for the purpose of producing a visual depiction of such conduct
```

```
 1   using materials that have been mailed, and so forth.
 2               Tell me what happened with regard to Count Two,
 3   and it talks about a specific Minor Victim-1.  Tell me what you
 4   did that makes you guilty of Count Two.
 5               THE DEFENDANT:  Me and my codefendant conspired
 6   to and did persuade a minor, more specifically, MV-1, to engage
 7   in sexually explicit conduct and video recorded sexually
 8   explicit images with genitals of MV-1.
 9               THE COURT:  Okay.  And --
10               MS. STOUT: And that was in the Eastern District of
11   Michigan?
12               THE DEFENDANT:  In the Eastern District of
13   Michigan.
14               THE COURT:  Okay.  And what location was it in
15   the Eastern District?
16               THE DEFENDANT:  In Oakland County.
17               THE COURT:  Okay.  And who is MV-1, is that one
18   of your children or -- what's the relationship to you?
19               THE DEFENDANT:  One of my children.
20               THE COURT:  Okay.
21               THE DEFENDANT:  Sorry.
22               THE COURT:  And what did you do; take pictures of
23   her genitalia?
24               THE DEFENDANT:  That is correct, sir.
25               THE COURT:  Okay.  All right.  And this all
```

```
 1   happened between December of '12 and November of '15?
 2              THE DEFENDANT:  That is correct, sir.
 3              THE COURT:  Okay.  All right.  Any other
 4   questions with regard to the factual basis for Count Two?
 5              MS. SMITH: Yes, your Honor.
 6              If the defense would stipulate that the visual
 7   depictions were produced using materials that had travelled
 8   across state lines.
 9              MS. STOUT: So stipulated, your Honor.
10              THE COURT:  Okay.
11              MS. SMITH: Your Honor, the United States is
12   satisfied as to that Count.
13              THE COURT:  You also, Ms. Stout?
14              MS. STOUT: Satisfied, your Honor.
15              THE COURT:  Okay.  All right.  Then, Count Three
16   relates to MV-2, and what happened with regard to that person?
17              MS. STOUT: Just one moment, your Honor.
18              THE COURT:  Okay.
19              MS. STOUT: Thank you, your Honor.
20              Go ahead, Mr. Boyle.
21              THE DEFENDANT:  Sorry about that, sir.
22              THE COURT:  Okay.
23              THE DEFENDANT:  Me and my co-defendant, Anngela
24   Boyle, conspired to and did persuade a minor, MV-2, to engage
25   in sexually explicit conduct and video recorded sexually
```

```
 1   explicit images with genitals of MV-2 in Oakland County and
 2   used the computer affecting interstate commerce --
 3              THE COURT:   Okay.
 4              THE DEFENDANT:    -- sir.
 5              MS. STOUT:  And what was your relationship with
 6   MV-2?
 7              THE DEFENDANT:    There wasn't one.  What do you
 8   mean?
 9              MS. STOUT:  Neighbor child?
10              THE DEFENDANT:    Neighbor.  Which was a neighbor.
11              THE COURT:   Okay.
12              THE DEFENDANT:  Sorry.
13              THE COURT:   It looks like it was someone that was
14   born in 2011, is that about right?
15              THE DEFENDANT:   I believe that is correct.
16              MS. SMITH: Yes, your Honor.
17              THE COURT:   Okay.  All right.  Anything else with
18   regard to the factual basis for Count Three?
19              MS. SMITH: Your Honor, I'm satisfied as to Count
20   Three, but I would ask that the defendant acknowledge that the
21   identities of all four victims named in the factual basis,
22   MV-1, MV-2, MV-3, and MV-4, are identities that are known to
23   this defendant and all four children were involved in this
24   offense.
25              THE COURT:  Is that correct?
```

```
 1                THE DEFENDANT:   Yes.  Yes, sir.
 2                THE COURT:   Okay.  Anything else with regard to
 3   either the factual basis of Count Three or the fact that I've
 4   complied with Rule 11 in terms of taking the plea?
 5                MS. SMITH: The United States is satisfied as to
 6   the factual basis as well as your compliance with Rule 11.
 7                MS. STOUT: As are we, your Honor.  Thank you.
 8                THE COURT:   Okay.  All right.  Then, the Court
 9   will accept the pleas.
10                And let me just ask.  Mr. Boyle, is your plea
11   guilty or not guilty to those two counts?
12                THE DEFENDANT:   Guilty.
13                THE COURT:   Okay.  All right, then, I am going to
14   find that the defendant is fully competent and capable of
15   entering an informed plea; that he is aware of the nature of
16   the charges and the consequences of the plea, and that the plea
17   of guilty is a knowing and voluntary plea supported by an
18   independent basis as to each of the elements of the two
19   offenses, and so, the plea is therefore accepted and the
20   defendant is adjudged guilty of the offense.
21                All right.  I'm going to refer the matter to the
22   probation department for a presentence investigation and
23   report.
24                And, Mr. Boyle, I'm going to encourage you to be
25   cooperative with them in the preparation of that report.
```

1                    And I am going to schedule the sentencing on this
2     matter for September the 21st of this year at 3 p.m.
3                    All right.  Is there anything else we need to take
4     up on this matter at this time?
5                    MS. STOUT:  Two matters I'd like to make the Court
6     aware of.
7                    First, your Honor, at the time of sentence,
8     although I recognize the independence of the Bureau of Prison,
9     I'm going to ask that you recommended Tucson, Arizona, which is
10    a max penitentiary, for his safety reasons and treatment
11    reasons.
12                   And, second, your Honor, if you would also ask
13    that, and I know the Marshals will, because I've spoke with
14    them, do their best to get him back to Milan.  It's very unsafe
15    for him at this point, and as soon as he's back to Milan with
16    people that know who he is and also to be treated for his
17    mental issues, the better it is for everybody.
18                   THE COURT:  Okay.  Where is he now?
19                   MS. STOUT:  He is in Wayne County Division One in
20    the psych ward with no clothes or blankets or, and it's a bad
21    situation over there.  So, the sooner he gets transferred, the
22    better.
23                   THE COURT:  All right.  I will recommend and
24    request the Marshals to contact Marshal Grubbs to make sure
25    that he gets to Milan.

1          MS. STOUT: Thank you.  I appreciate that.

2          THE COURT:   Okay.  Anything else?

3          MS. SMITH: No, your Honor, not from the United

4  States.

5          THE COURT:   Okay.

6          MS. STOUT: We are good.  Thank you, your Honor.

7          THE COURT:  All right.  We'll be in recess on the

8  matter until September 21st at 3 p.m.

9          All right.  We'll be in recess.

10          THE LAW CLERK: All rise.

11          Court is now in recess.

12          (At 2:57 p.m. proceedings concluded)

13                    C E R T I F I C A T E

14          I, Merilyn J. Jones, Official Court Reporter of the

15  United States District Court, Eastern District of Michigan,

16  appointed pursuant to the provisions of Title 28, United States

17  Code, Section 753, do hereby certify that the foregoing pages

18  1-20, inclusive, comprise a full, true and correct transcript

19  taken in the matter of the United States versus Colin Boyle,

20  15-cr-20741 on Tuesday, April 4, 2017.

21

22              /s/Merilyn J. Jones
                Merilyn J. Jones, CSR 0935, RPR
23              Federal Official Reporter
                231 W. Lafayette Boulevard, Suite 123
24              Detroit, Michigan  48226

25  Date: January 3, 2018